

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:08cr0079 (JCC) |
| ) | |
| KYLE DUSTIN FOGGO, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### PLEA AGREEMENT

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, and Valerie H. Chu, Jason A. Forge, and Phillip L.B. Halpern, Special Assistant United States Attorneys, and the defendant, Kyle Dustin Foggo, and the defendant's counsel, Akin Gump Strauss Hauer & Feld, LLP, by Mark J. MacDougall, W. Randolph Teslik, and Paul W. Butler, pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

1.      The defendant, Kyle Dustin Foggo, pursuant to Rule 11(c), agrees to plead guilty to Count One of the Second Superseding Indictment. Count One charges the defendant with devising a scheme to defraud, including depriving the United States and its citizens of their right to his honest services, and to obtain money and property by means of false representations and concealment of material facts, in violation of Title 18 United States Code, Section 1343. The maximum penalty for the violation of Count One is twenty years' imprisonment; a fine of $250,000; three years of supervised release; and a $100 special assessment. The defendant is aware that any term of supervised release is in addition to any prison term the defendant may receive, and that a violation

of a term of supervised release could result in the defendant's being returned to prison for the full term of supervised release.

2. Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction. Restitution is not applicable in this case.

3. The defendant is aware that the defendant's sentence will be imposed in accordance with the United States Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

4. In exchange for the concessions in this plea agreement, the United States will move to dismiss: (1) Counts 2 through 28 of the Second Superseding Indictment; and (2) the forfeiture allegations, inasmuch as the defendant has no readily attachable assets (the United States will not pursue any civil actions based on these allegations).

5. Pursuant to Rule 11(c), the parties stipulate and agree that the correct application of the United States Sentencing Guidelines ("USSG") is as follows:

  i. The applicable offense guideline is USSG §2C1.1. The applicable base offense level is 14 as provided in §2C1.1(a)(2).

  ii. The defendant is entitled to a two-level downward adjustment for Acceptance of Responsibility pursuant to § 3E1.1(a); and, in the event the defendant's total adjusted offense level is 16 or higher, the United States will move for an additional one-level downward adjustment pursuant to § 3E1.1(b), provided that he continues to manifest acceptance of responsibility as required under the guidelines for the charged acts as indicated in Count 1.

  iii. The United States will recommend a two-level downward departure pursuant to § 5K2.0(a)(2) based on circumstances that are not otherwise adequately accounted for in the guidelines, including: (1) his resignation from the office of the Executive Director of the CIA before searches of his home and office were executed, and before criminal charges were brought; and (2) his agreement to transfer venue from the Southern District of California to the Eastern District of Virginia, despite knowing that such a transfer would, and did, expose him to criminal liability for a broader range of conduct than could be charged in the Southern District of California. The defendant is free to argue for a greater departure, which the United States will oppose.

  iv. The defendant is in Criminal History Category I.

  v. The reasonably foreseeable pecuniary harm resulting from this offense is not readily ascertainable.

  vi. The value of any benefits received by the defendant resulting from this offense is less than $70,000.

vii.   The United States is free to seek a four-level upward adjustment based upon the defendant's having occupied a "high-level decision-making or sensitive position" pursuant to §2C1.1(b)(3).

Based upon the foregoing: (1) the United States agrees to recommend an adjusted offense level no higher than 19 (based on benefits not to exceed $70,000), with a sentence no higher than 37 months; and (2) the defendant is free to argue for any sentence.

6.   The Department of Justice is free to object to the defendant obtaining any future government position that requires a security clearance, but takes no position on the defendant's ability to obtain a position requiring a security clearance with a private company.

7.   The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

8.   The United States will not further criminally prosecute the defendant for the specific conduct described in the Second Superseding Indictment or the Statement of Facts attached hereto.

## WAIVER OF RIGHTS

9.   The defendant represents to the Court that the defendant is satisfied that his attorneys have rendered effective assistance. The defendant understands that by entering into this agreement,

the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

i. If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the judge all agree.

ii. If a jury trial is conducted, the jury would be composed of twelve laypersons selected at random. The defendant and the defendant's attorneys would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

iii. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

iv. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorneys would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

v.  At a trial, the defendant could rely on a privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the refusal to testify. If the defendant desired to do so, the defendant could testify in the defendant's own behalf.

### ADDITIONAL GENERAL PROVISIONS

10. Regardless of any other provision of this agreement, the United States may use any statement made by the defendant, whether in the form of the Statement of Facts accompanying this plea agreement or in any statements he makes during his plea colloquy or in any other form, against the defendant in any prosecution of the defendant resulting from the defendant's breach of the plea agreement, whether such breach is caused by the defendant's providing false information, or for any other valid reason. Such a prosecution includes, but is not limited to, a prosecution for perjury or false statements.

11. Nothing in this plea agreement restricts the Court's or Probation Office's access to information and records in the possession of the United States.

12. The accompanying Statement of Facts signed by the defendant is hereby incorporated into this plea agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and that had the matter proceeded to trial, the United States would have proved those facts beyond a reasonable doubt.

### FREEDOM OF INFORMATION ACT

13. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records

that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### ASSIGNMENT OF ANY PROFITS OR PROCEEDS FROM PUBLICITY

14. The defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to the illegal conduct described in the Second Superseding Indictment. This assignment shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of the defendant's family. The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of the defendant's family, or to another person or entity who would provide some financial benefit to the defendant, to the defendant's associates, or to a current or future member of the defendant's family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

### SUPERVISED RELEASE

15. During the period of supervised release, the defendant may in appropriate circumstances apply to the Court and his probation officer for permission to travel out of his district of supervision, including out of the country, pursuant to USSG § 5D1.3(c)(1).

## BREACH OF THE PLEA AGREEMENT

16. Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

17. If the defendant fails in any way to fulfill completely all of the obligations under this plea agreement, the United States may seek release from any or all its obligations under this plea agreement. If released from its obligations under this plea agreement, the United States may prosecute the defendant to the full extent of the law. The defendant agrees that any prosecution and sentencing subsequent to a breach of this plea agreement is not barred by the Double Jeopardy Clause of the Constitution or any other Constitutional provision or law or rule and that such rights as he might otherwise have enjoyed under these provisions are hereby waived, except that the defendant may raise any defense or make any claim that he could have raised prior to the entry of the Plea Agreement.

18. If the defendant fails to fulfill his obligations under this plea agreement, and the matter proceeds to trial, the defendant understands and agrees that any statements he makes pursuant to or associated with this plea agreement, including but not limited to the Statement of Facts submitted in connection with this plea agreement, are admissible if offered by the United States at pretrial proceedings and/or at trial and may be used for any purpose. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11 of the Federal Rules of Criminal Procedure, or any other federal rule, that the defendant's

statements pursuant to this agreement should be suppressed or are inadmissible, except on relevancy grounds.

## DESIGNATION

19. The United States agrees not to object to the defendant's request to the Court for a recommendation that, if incarcerated, he be assigned to a suitable Bureau of Prisons facility near his home in Vienna, Virginia. The parties recognize that it is solely within the discretion of the Bureau of Prisons to determine where and in what manner the defendant is actually incarcerated, and this plea agreement in no way limits the exercise of that discretion.

## CONCLUDING REPRESENTATIONS

20. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

21. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

22. Defendant's Signature: I hereby agree that I have consulted with my attorneys and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read all ten pages of this plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it.

Date: _____    _____
                                  Kyle Dustin Foggo
                                  Defendant

23.   Defense Counsel Signature: We are counsel for the defendant in this case. We have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, we have reviewed the provisions of the Sentencing Guidelines and Policy Statements and we have fully explained to the defendant the provisions of those Guidelines which may apply in this case. We have carefully reviewed every part of this plea agreement with the defendant.

To our knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date:

*Mark J. MacDougall /wrt*
Mark J. MacDougall
Counsel for defendant Kyle Dustin Foggo

W. Randolph Teslik
Counsel for defendant Kyle Dustin Foggo

*Paul W. Butler /wrt*
Paul W. Butler
Counsel for defendant Kyle Dustin Foggo

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

By:
Valerie H. Chu
Special Assistant United States Attorney

Jason A. Forge
Special Assistant United States Attorney

Phillip L.B. Halpern
Special Assistant United States Attorney

APPROVED: _____  Date: