IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1: 08cr0079 (JCC) |
| | ) | |
| KYLE DUSTIN FOGGO, | ) | |
| aka "DUSTY" FOGGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF GOVERNMENT'S INTENTION TO RELY ON EVIDENCE OTHER THAN GRAND JURY TRANSCRIPTS**

On January 28, 2009, this Court issued a memorandum opinion and order establishing parameters for the use of grand jury transcripts in connection with the sentencing of defendant Foggo. The Court's order permits the United States to submit for in camera review grand jury transcripts that will assist the Court in sentencing defendant Foggo. In light of the concerns raised in the Court's memorandum opinion, however, the United States intends to take whatever steps are necessary to avoid having to rely on grand jury transcripts at sentencing. Doing so will reduce the volume of material to be submitted to the Court, eliminate litigation over the breadth of submitted grand jury transcripts (i.e., arguments over whether unredacted portions are necessary to the Court's sentencing determination), obviate the need to file redacted sentencing memoranda, and avoid having to close any portion of the sentencing hearing.

In lieu of grand jury transcripts, the United States will obtain declarations from witnesses who may or may not have previously testified before a grand jury (including a declaration of an agent summarizing information obtained during witness interviews). The United States estimates

that it can establish the additional facts necessary to assist the Court in sentencing Foggo with approximately 7 concise declarations, a summary declaration from an agent, and approximately 10 pages of transcripts from recorded interviews.  None of this evidence constitutes a matter occurring before a grand jury under Federal Rule of Criminal Procedure 6(e)[1/], and it is likely the same type of evidence Foggo intends to file along with his sentencing pleadings and to discuss at the sentencing hearing.  Accordingly, in deference to this Court's concerns and to forestall any unnecessary complications or delays in Foggo's sentencing proceedings, the United States will not be asking the Court to review in camera or otherwise any grand jury transcripts.

                          DANA BOENTE
                          ACTING UNITED STATES ATTORNEY

By:       /s/
     Valerie H. Chu
     California Bar No. 241709
     Assistant United States Attorney
     United States Attorney's Office
     880 Front Street, Suite 6293
     San Diego, CA 92101
     (619) 557-7837

---

[1/] *See, e.g., In re Grand Jury Proceedings*, 503 F.Supp.2d 800, 807-808 (E.D.V.A. 2007) (citing Fourth Circuit's "narrow[]" reading of Rule 6(e)'s sweep and concluding that 302s of interviews that "do not reveal what testimony and documents were presented to the grand jury" are not within the scope of Rule 6(e)); *United States v. Rosen,* 471 F.Supp.2d 651, 655 (E.D.V.A. 2007) (Rule 6(e) "'protects only what takes place in the grand jury room,'" and does not extend to information obtained by law enforcement that coincidentally was also before the grand jury) (quoting *In re Grand Jury Subpoena,* 920 F.2d 235, 241 (4th Cir. 1990)).  *See also*, *Anaya v. United States,* 815 F.2d 1373, 1380 (10th Cir.1987) (cited approvingly in *Rosen*, 471 F.Supp.2d at 655 n.2, as "distinguishing between a memorandum describing a grand jury witness' testimony and a memorandum describing the same person's interview with an investigator outside the grand jury room").  "In other words, Rule 6(e) should not be read to require a 'veil of secrecy be drawn over all matters occurring in the world that happen to be investigated by a grand jury.'"  *Id.* at 655 n.3 (quoting *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1001-02 (D.C. Cir. 1999)).

        (619) 557-7055 (fax)
        valerie.chu@usdoj.gov

By:    /s/
    Jason A. Forge
    California Bar No. 181542
    Assistant United States Attorney
    United States Attorney's Office
    880 Front Street, Suite 6293
    San Diego, CA 92101
    (619) 557-7463
    (619) 557-7055 (fax)
    jason.forge@usdoj.gov

By:    /s/
    Phillip L.B. Halpern
    California Bar No. 133370
    Assistant United States Attorney
    United States Attorney's Office
    880 Front Street, Suite 6293
    San Diego, CA 92101
    (619) 557-5165
    (619) 557-7055 (fax)
    phillip.halpern@usdoj.gov

**CERTIFICATE OF SERVICE**

       I certify that on February 3, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Andrew Dober
Elizabeth Tobio
Nicole Springzen
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW
Washington, DC 20036
(202) 887-4000
bpotts@akingump.com
Counsel for defendant Kyle Dustin Foggo

                                        /s/
                                   Jason A. Forge
California Bar No. 181542
Assistant United States Attorney
United States Attorney's Office
880 Front Street, Suite 6293
San Diego, CA 92101
(619) 557-7463
(619) 557-7055 (fax)
jason.forge@usdoj.gov