IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | UNDER SEAL |
| v. ) | |
| ) | 1:08cr79 (JCC) |
| KYLE DUSTIN FOGGO, ) | |
| a/k/a "DUSTY" FOGGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Emergency Motion for an Order Requiring the Government to Provide Evidence Other Than Grand Jury Transcripts for *In Camera* Review. For the following reasons, the Court will deny Defendant's Motion.

### I. Background

On February 13, 2007, Defendant Kyle Dustin Foggo ("Defendant") and co-conspirator Brent Roger Wilkes ("Wilkes") were indicted in the Southern District of California on an 11-count indictment alleging conspiracy, honest services wire fraud, and 18 U.S.C. § 1957 money laundering.

During all times pertinent to this case, Defendant was a high-ranking official with the Central Intelligence Agency ("CIA") and Wilkes was a government contractor. As alleged in the initial indictment, Defendant and Wilkes, who were lifelong

1

friends, used a shell corporation to enable Defendant to steer $2 million in procurement services contracts with the CIA to Wilkes.[1] The initial indictment was followed on May 10, 2007 by a 30-count superseding indictment, which alleged additional wire fraud and money laundering counts against Defendant and Wilkes. These additional counts related to a number of proposed projects, including a $132 million contract to provide air support services to the CIA, which Defendant, after assuming the position of Executive Director of the CIA, attempted to steer to Wilkes.

Defendant sought on two occasions to have the case transferred from the Southern District of California to the Eastern District of Virginia ("EDVA"). On April 17, 2007, Defendant filed a motion to transfer venue and to sever his case from the case against Wilkes. The Court denied this motion without prejudice on May 14, 2007. Defendant renewed his motion to sever and transfer on December 11, 2007. In response, the Government indicated that it did not oppose transfer because it had recently uncovered evidence that would support additional charges for which venue was proper only in the EDVA. The case was then transferred to the EDVA on February 19, 2008.

---

[1] Wilkes was also separately charged in a conspiracy to bribe former Congressmen Randy "Duke" Cunningham, along with a co-defendant named John Michael. On November 5, 2007, Wilkes was convicted of all counts, including conspiracy, honest services wire fraud, bribery, and money laundering. On February 8, 2008, Wilkes was sentenced to 144 months' imprisonment, ordered to forfeit $636,116.50, and required to pay a $500,000 fine and $1,300 in penalty assessments. The charges against Wilkes in the present case were dismissed on February 19, 2008 upon the Government's motion.

Following transfer, on May 20, 2008, an EDVA grand jury returned a 28-count second superseding indictment (the "SSI") alleging wire and mail fraud, conflict of interest, 18 U.S.C. § 1957 money laundering, conspiracy to commit 18 U.S.C. § 1957 money laundering, and false statements. Most of the charges, for wire and mail fraud, stemmed from Defendant's scheme to defraud, which included depriving the United States and its citizens of their right to Defendant's honest services, and his scheme to obtain money and property by means of materially false and fraudulent pretenses and representations.

On September 29, 2008, Defendant pled guilty to Count I of the SSI, which charged him with wire fraud. A statement of facts was submitted along with the plea agreement. After taking Defendant's plea, the Court granted the Government's motion to dismiss the remaining charges in the SSI (Counts II to XXVIII).

In preparation for sentencing, Defendant disputed the Government's contention that it could submit grand jury transcripts to the Court for its review and refer to the transcripts publicly during the sentencing hearing. In an Order dated January 26, 2009, the Court allowed the Government to submit grand jury transcripts to the Court for *in camera* review prior to sentencing but denied the Government's request to publicly reveal or otherwise refer to the grand jury material in open court.

In response, the Government filed a notice (the "Notice") stating that it would forgo the submission of grand jury transcripts to the Court and rely, instead, on other evidence that can be disclosed publicly. The Government notified the Court and Defendant that it intended to obtain witness declarations and submit several pages of transcripts from recorded interviews. None of this material, the Notice states, includes "a matter occurring before the grand jury" under Fed. R. Crim. P. 6(e). Thus, the Government contends, it can be released publicly and relied upon at the sentencing hearing.

Defendant then filed the instant motion objecting to the Government's disclosure plans. In the motion, Defendant requested an order instructing the Government to (1) furnish the evidentiary materials in question to the Court for *in camera* review and (2) refrain from publicly disclosing the materials prior to a determination that they do not include Rule 6(e) material.

The Government voluntarily complied with Defendant's first request by submitting, ex parte, all of the evidentiary materials on which it intends to rely at sentencing for *in camera* review. During an *in camera* hearing on this matter held on February 12, 2009, the Government agreed to submit the evidentiary materials to Defendant for review, and the Court gave Defendant leave to submit specific objections to that material to

the Court. Defendant did so on February 17. On February 18, the Government responded. After full briefing and an *in camera* hearing, Defendant's motion is before the Court.

## II. Analysis

Under Rule 6(e)(2) of the Federal Rules of Criminal Procedure, Government attorneys are among those persons who "shall not disclose matters occurring before the grand jury." The question before the Court is whether the evidentiary materials submitted by the Government for *in camera* review are "matters occurring before the grand jury" the release of which would violate Rule 6(e). After a thorough review of the evidentiary materials, the Court is satisfied that they do not fall under the strictures of Rule 6(e).

The evidentiary materials submitted by the Government include (1) declarations from various witnesses made after Defendant pled guilty; (2) a summary of interviews conducted after Defendant pled guilty; and (3) approximately ten pages of transcripts from recorded telephonic interviews conducted without any reference to a grand jury. Gov't's Resp. in Opp'n at 1; *see also* Gov't's Notice at 1-2. None of these materials, the Government claims, "reveal whether the witness has ever testified before any grand jury" or "what took place" in any grand jury room. Gov't's Resp. in Opp'n at 1.

The Federal Rules do not define the phrase "matters occurring before the grand jury," and courts have used a number of tests to determine the boundaries of Rule 6(e). Most of the tests, though – including those used in this District and in the Fourth Circuit – have one major element in common. They focus on protecting from disclosure *what actually occurred before the grand jury*, including what testimony the grand jury heard, who testified, and the details of the grand jury's deliberations. *See, e.g., In re Sealed Case No. 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999) (explaining Rule 6(e) as "reflect[ing] the need to preserve the secrecy of the *grand jury* proceedings themselves) (emphasis in original); *In re Grand Jury Subpoena*, 920 F.2d 235, 241 (4th Cir. 1990) ("Rule 6(e)(2) protects from disclosure 'only the essence of what takes place in the grand jury room'") (quoting *In re Grand Jury Matter (Catania)*, 682 F.2d 61, 63 (3d Cir. 1982)); *United States v. Rosen*, 471 F. Supp. 2d 651, 655 (E.D. Va. 2007) ("[E]ven evidence closely related to a grand jury investigation is not a 'matter occurring before the grand jury' unless it was actually presented before the grand jury.").

The Court in *Anaya v. United States*, 815 F.2d 1373, 1380 (10th Cir. 1987), for example, distinguished between a memorandum that described a witness's testimony before the grand jury – clearly protected by Rule 6(e) – and a memorandum that described the same person's interview with an investigator that

6

occurred outside the presence of the grand jury. *See Rosen*, 471 F. Supp. 2d at 654 n.2 (citing *Anaya* approvingly). As the *Anaya* court explained, information cannot be considered grand jury material when it "will not reveal what has actually transpired before a grand jury." *Anaya*, 815 F.2d at 1379. While some courts have construed Rule 6(e) more broadly, in a manner that would, for example, bar the release of material produced during an investigation concurrent with a grand jury investigation, the Fourth Circuit and courts in this District have limited the potentially broad scope of Rule 6(e)'s language. *See In re Grand Jury Proceedings*, 503 F. Supp. 2d 800, 808 (E.D. Va. 2007) (citations omitted).

Under this view, Rule 6(e) protects, among other things, information that reveals what evidence a grand jury considered. It does not insulate from later disclosure all facts that were at one time presented to a grand jury. For example, a witness's statement that he testified to certain facts before a grand jury would constitute a clear example of a "matter occurring before a grand jury." But the same witness's statement, independent of any tie to a grand jury, that simply repeats the *facts* to which he also happened to have testified before a grand jury would not, in most instances, fall under Rule 6(e), because the statement would not "reveal what has transpired

before the grand jury." *In re Grand Jury Subpoena*, 920 F.2d at 241 (citation omitted).[2]

Thus, the D.C. Circuit's statement that "[i]nformation actually presented to the grand jury is core Rule 6(e) material that is afforded the broadest protection from disclosure" does not mean that any evidence, once put before a grand jury, can never be disclosed again. *In re Sealed Case No. 99-3091*, 192 F.3d at 1002. What is forbidden, instead, is the kind of disclosure outlined in another case decided by the same court. There, "the Government violated Rule 6(e)(2) when, without prior authorization . . . it filed . . . the Notice summarizing the grand jury testimony of one of the present plaintiffs." *In re: Sealed Case No. 00-3076*, 250 F.3d 764, 768 (D.C. Cir. 2001). In that case, the Government's filing disclosed what information the grand jury had considered – the core of what Rule 6(e) protects. What is determinative is the link between (1) the stated facts and, in the same disclosure or in a manner made obvious by the context of the disclosure, (2) the revelation that the grand jury heard those facts. As then-Judge Ruth Bader Ginsburg explained in *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 583 (D.C. Cir. 1987), "[a]bsent . . . identifying

---

[2] Unless, of course, the context of the disclosure made it clear that the witness was disclosing what he had previously told to a grand jury. Thus, "matter[s] occurring before a grand jury" are not limited to a witness's statement that "I told the grand jury [X]," when it is clear from the context of the statement that the witness is relating what occurred before the grand jury.

8

information, it is difficult to see how disclosure would reveal anything concerning the inner workings of the grand jury."

This distinction is crucial; it explains why a witness's appearance before a grand jury does not forever bar the witness from ever testifying about or even discussing the same subject matter again - a result that would greatly expand the reach of Rule 6(e) and would allow the Government to shield information from public disclosure by presenting it to a grand jury. *See id.* at 582.

What an appearance before the grand jury does limit, pursuant to Rule 6(e), is unfettered disclosure of what transpired before the grand jury, including statements about what evidence the grand jury heard. The Rule does not "require that a 'veil of secrecy be drawn over all matters occurring in the world that happened to be investigated by a grand jury.'" *In re Sealed Case No. 99-3091*, 192 F.3d at 1001-02 (quoting *Securities & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). Nor does the Rule prohibit the disclosure of information "coincidentally before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury." *Id.* (quotation omitted).

Applying Rule 6(e) to the evidentiary materials submitted by the Government for review in this case, it is clear that they do not present "matters occurring before the grand

jury." No part of the evidence submitted by the Government mentions a grand jury, reveals whether the speaker or declarant testified before a grand jury, or discloses what information a grand jury may have heard.

As in *Rosen*, none of the evidentiary materials submitted for review cites grand jury transcripts, reveals what testimony the grand jury considered, or names grand jury witnesses. 471 F. Supp. 2d at 654. The materials do not "reveal what has actually transpired before a grand jury." *Anaya*, 815 F.2d at 1379. A reader of the evidentiary materials would have no idea whether or not they had anything to do with a grand jury. *See Senate of Puerto Rico*, 823 F.2d at 583 n.31 (discussing *United States v. John Doe, Inc. I*, 481 U.S. 102, 108-11 (1987)).

For these reasons, the Court finds that Rule 6(e) does not cover the evidentiary materials submitted for *in camera* review by the Government. The Court will allow the Government to refer to this evidentiary material during the sentencing hearing and will not place restrictions on the public disclosure of the material.

### III. Conclusion

As noted above, the Government complied with Defendant's first request by submitting the evidentiary materials in question to the Court for *in camera* review. For the foregoing reasons, the Court finds that the evidentiary materials submitted

by the Government do not violate Rule 6(e).  The remainder of Defendant's motion will be denied.

An appropriate Under Seal Order will issue.

February 19, 2009
Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

11